IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                                  CR NO.  13-64 MCA

THOMAS JONES and
TERRENCE CONNORS,

    Defendants,

### MR. CONNORS' OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDED LAW

`

COMES NOW the Defendant Terrence Connors, by his court-appointed attorney John F. Moon Samore, Esq., pursuant to the Rules and Order of Magistrate Judge Garza on October 30, for his Objections to 28 USC §636(b)(1), to STATE:

### OBJECTIONS

1.    Mr. Connors objects to the Magistrate Judge's findings that the traffic stop on December 17, 2012, which led to the finding of contraband was based on in sufficient probable cause as a matter of law.  Probable cause for the stop came primarily from a Confidential Informant, Government, and its witnesses admitted (Tr. 138) was unreliable.  (Hearing Tr. 28, 30.)

2.    Mr. Connors' statement to HSI Agent Kepf were not made with a voluntary and knowing understanding of his Constitutional Rights, and the consent to search his own apartment and his statements to HSI Agent Martin were given under unconscionable duress.

United States v. Thomas Jones and Terrence Connors
Mr. Connors' Objections to Proposed Findings
and Recommended Law

## LEGAL AUTHORITY

Defense finds no additional legal authority to assist the Court in assessing the issues raised in these objections. The Defense reasserts its basic case precedent, as described in its two pre-trial Motions (Docs. 29, 30, 40, 41), and quotations from this Court rulings in <u>United States v. Bundy</u>, as quoted in the Defense's proposed Findings of Fact and Conclusions of Law. (Doc. 60.)

## RELEVANT FACTS

Officer Devin Verhulst was the primary law enforcement representative dealing with the "totally unreliable" Confidential Informant. It is Agent Verhulst that signed the Affidavit in support of the Sealed *Ex Parte* Application for a Search Warrant and also the Affidavit for Arrest Warrant (both part of this record). In both Affidavits (Tr. 7-8), Agent Verhulst attests that:

> "The Confidential Informant explained to me that he/she met Connors outside of Connors' vehicle. Connors opened the trunk of his vehicle and handed him the rubber keyboard, and, in return, the Confidential Informant placed the photocopied, Region II Contingency Funds inside of Connors' trunk. During the transaction(,) agent observed the Confidential Informant meet with Connors at the rear of his vehicle. They also observed the trunk of Connors' vehicle to be open."

Officer Verhulst admitted he had to trust the Confidential Informant, albeit reluctantly. (Tr. 9, L 18, Tr. 30.) The way he phrased it was, "have to have . . . working relationship." In the December 12 Cuba incident, the Government alleges Mr. Connors engaged in an illicit drug transaction that ultimately justified the traffic stop five days later, the only participant was the CI. (Tr. 16.) Agent Verhulst was present at Mr. Connors' interview December 17. (Tr. 5-6, 22, L 9-10, Tr. 26.)

United States v. Thomas Jones and Terrence Connors
Mr. Connors' Objections to Proposed Findings
and Recommended Law

Mr. Verhulst acknowledged the CJ's "lengthy criminal history." (Tr. 27, L 7, Tr. 55, L 7.)  It was only Mr. Verhulst that signed the contract with the CI (Tr. 30), as Government representative.

Mr. Verhulst was present at the stop, and it was he who worked with the CI from at least December 11 (Tr. 54) through the swearing of the Search Warrant and ultimately the traffic stop.

Because Officer Verhulst played an essential role in the traffic stop of the vehicle in which Mr. Connors was riding on December 17, 2013, the stop is tainted by the appears to be of Constitutionally-dubious merit.

Even though he was present, Mr. Verhulst seemed confused about the facts at the traffic stop on the outskirts of Gallup documented by other witnesses.  While he knew that Gallup is a small spot (Tr. 42, L 21) he alone thought canine officer Ronk was on scene at the stop (Tr. 21, L 23) could not get his west/east directions to Phoenix straight (Tr. 48), or where the mile markers he had been driving for two days were counted (Tr. 50).

The Region II agents were relying primarily on CI's representations of an alleged nighttime in which observation by agents was discussed and the entire interaction unrecorded, (Tr. 5-6, 26), and, even though they may have searched the CI before and after the alleged transaction, because the CI is so unreliable, this limited information is insufficient to support the probable cause from Search Warrant.

The Magistrate Judge found that the recording of an alleged drug transaction between the CI and Mr. Connors on December 12 was the substantial basis for the Search Warrant and sufficient to support the traffic stop, from which the search of the vehicle resulted.  The Magistrate Judge also found that, after the traffic stop, the search was precipitated by a "canine alert."  Mr. Connors was not present for the search of the rental car, having been whisked away

United States v. Thomas Jones and Terrence Connors
Mr. Connors' Objections to Proposed Findings
and Recommended Law

from the scene promptly after the stop, the Canine officer Ronk had not arrived on the scene, and no evidence was taken at the Motion to Suppress hearing. Mr. Connors cannot, therefore, contest the alleged "canine alert." Because that alert occurred after the stop, the Defense believes the focus herein should be on whether sufficient support existed at the time of the stop for the Search Warrant on which the Government based its stop.

## DISCUSSION

The Arrest Warrant was based upon information received from a Confidential Informant. (Tr. 25.) It is beyond dispute that the Confidential Informant had a long criminal history (Tr. 27) and history of drug abuse, which was known to the Government, prior to the time he provided substantial information to law enforcement which was the primary basis for the December 17 Arrest Warrant (Tr. 27). The Government stipulated that the Confidential Informant was unworthy of any trust whatsoever (Tr. 138). The Government's stipulation was fact-based and professional, and the Government argues herein that the sufficient bases from other matters were supported in the Search Warrant and justified the stop.

The precipitating, custodial interrogation of Mr. Connors at the Gallup Police Station resulted in a signed Miranda Waiver that was not challenged as to the signature (Tr. 103) but challenged only as to the timing. Did Mr. Connors' admissions precede the presentation by the Agent of a Miranda Warning's copy that he signed? The Defense submits the Government has not met its burden of proof.

When the Defense has no right to interview Government witnesses pre-hearing, or pre-trial, which is one good reason the Defense's request to file supplement briefs or argument should be respected. In the matter at bar, Mr. Connors' attorney specifically requested reservation of that right in his brief memorandum to his Motion to Suppress. (Doc. 29, p. 7, Doc.

Page 4

United States v. Thomas Jones and Terrence Connors
Mr. Connors' Objections to Proposed Findings
and Recommended Law

30, p. 8.)  The legal problems with Mr. Connors' sensible consent to search his apartment could not be confirmed until Mr. Martin had been examined, and the first time the Defense could hear Mr. Connors' unchanneled testimony was at the hearing.

The Magistrate Judge, therefore, errs in stating by footnote that Mr. Connors "does not assert any legal argument regarding the suppression of evidence obtained in his apartment."  The fact is that the Magistrate Judge informed counsel for both parties that it did not want to hear any oral argument or citations of law at the hearing and urged all arguments be made in the parties' respective Proposed Findings of Fact and Conclusions of Law.  (Tr. 105, 106, 134.)  Counsel attempted to present summary argument at the motion hearing, and the Magistrate Judge exercised her discretion to cut him off.  (Tr. 106.)  The Defense asserts its legal argument by its previous Motion (Doc. 29), his proposed Findings of Fact and Conclusions of Law and these objections all raise that issue sufficiently.

In sufficient proof exists that Mr. Connors voluntarily waived his rights in statements and disclosures made to Homeland Security Agent Martin at his apartment.  Agent Martin admitted that he did not provide the Miranda warning at any time (Tr. 83), since Mr. Martin understood Mr. Connors had previously waived those rights to Agent Kepf.  (Tr. 83.)  Agent Martin also admitted he did not record the interaction (Tr. 75, 77) and that he told Mr. Connors that Mr. Connors could only attend to his dog if Mr. Connors consented to search of his apartment.  If he did not consent, Mr. Martin said he told Mr. Conners that he would tear up his apartment.  The search was unconstitutional.  The Magistrate Court concluded in its October 30 Finding and Recommended Disposition that, since the Government claimed it would not use this evidence, so the Magistrate Court did not address the issue in its Proposed Findings and Conclusion (Doc. 62).

Page 5

United States v. Thomas Jones and Terrence Connors
Mr. Connors' Objections to Proposed Findings
and Recommended Law

## CONCLUSION

On the facts and law before the Court, the Defense contends both rulings of the Magistrate should be rejected. He concedes that his argument to suppress the Statement to Agent Kepf is not as strong as other arguments. He asserts the trial court should specifically address whether the statements and physical evidence seized from his apartment might be admissible at trial. While recognizing the Magistrate Judge may be correct that "the Government indicates that the evidence seized from Defendant Connors' apartment did not result in criminal charges." Mr. Connors also believes the Court may address the scope of Mr. Connors' involuntary consent to search his apartment.

Mr. Connors' stronger argument is that the stop of the motor vehicle on December 17 primarily arose from information and conduct (albeit partially recorded) of a Confidential Informant that even the Government admits was unworthy of any trust whatsoever. The substantial and material role of this unreliable CI shortly after this incident dismissed from the Confidential Informant program, is reason enough to suppress the stop as lacking in sufficient probable cause and, therefore, the subsequent search of the vehicle, the subsequent statements by Mr. Connors, and the search of his apartment, and all the fruits thereof.

While he does not contend the Magistrate Judge's findings are "clearly erroneous," he prays for Order of Court finding that the Magistrate Judge's Proposed Findings and Conclusions are contrary to law, as above described in his discussion. He prays that his Objections be sustained.

United States v. Thomas Jones and Terrence Connors
Mr. Connors' Objections to Proposed Findings
and Recommended Law

                                        Respectfully submitted,

                                        /s/ John F. Moon Samore, Esq.
                                        Attorney for Defendant Terrence Connors
                                        P.O. Box 1993
                                        Albuquerque, NM  87103
                                        (505) 244-0450

I hereby certify that a true and correct copy of the foregoing document was faxed to opposing counsel on the 13th of November, 2013.

/s/ John F. Moon Samore, Esq.