IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
At Albuquerque NM

OCT 2 4 2014

MATTHEW J. DYKMAN
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No.   13-CR-▉64 MCA |
| | ) | |
| TERRENCE CONNORS, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the Defendant,

TERRENCE CONNORS, and the Defendant's counsel, JOHN SAMORE.

### REPRESENTATION BY COUNSEL

1.     The Defendant understands the Defendant's right to be represented by an attorney

and is so represented.   The Defendant has thoroughly reviewed all aspects of this case with the

Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2.     The Defendant further understands the Defendant's rights:

    a.     to plead not guilty, or having already so pleaded, to persist in that plea;

    b.     to have a trial by jury; and

    c.     at a trial:

        1)     to confront and cross-examine adverse witnesses,

        2)     to be protected from compelled self-incrimination,

> 3)      to testify and present evidence on the Defendant's own behalf, and
>
> 4)      to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.      The Defendant agrees to waive these rights and to plead guilty to Count   2 of the

indictment, charging a violation of   21 U.S.C. § 841(a)(1) and (b)(1)(A), that being possession

with intent to distribute 500 grams and more of methamphetamine.

## SENTENCING

4.      The Defendant understands that minimum and maximum penalties provided by law

for this offense is:

> a.      imprisonment for a period of not less than ten (10) years and not more than
>
> life;
>
> b.      a fine not to exceed the greater of $10,000,000 or twice the pecuniary gain
>
> to the Defendant or pecuniary loss to the victim;
>
> c.      a term of supervised release of not less than five (5) years to follow any term
>
> of imprisonment.   (If the Defendant serves a term of imprisonment, is then
>
> released on supervised release, and violates the conditions of supervised
>
> release, the Defendant's supervised release could be revoked — even on the
>
> last day of the term — and the Defendant could then be returned to another
>
> period of incarceration and a new term of supervised release.);
>
> d.      a mandatory special penalty assessment of $100.00; and
>
> e.      restitution as may be ordered by the Court.

5.      The parties recognize that the federal sentencing guidelines are advisory, and that

the Court is required to consider them in determining the sentence it imposes.

6.     The parties are aware that the Court will decide whether to accept or reject this plea agreement.   The Court may defer its decision as to acceptance or rejection until there has been an opportunity to consider the presentence report.   Pursuant to Federal Rule of Criminal Procedure 11(c)(5), if the Court rejects this plea agreement, the defendant shall have the right to withdraw the defendant's plea of guilty.

7.     Regardless of any other provision in this agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADMISSION OF FACTS

8.     By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense to which I am pleading guilty.   I recognize and accept responsibility for my criminal conduct.   Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the indictment that increase the statutory minimum or maximum penalties.   I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

On December 17, 2012, in McKinley County, New Mexico, I was a passenger in a rented

vehicle driven by my co-defendant.   We were stopped by law enforcement, and a canine

was deployed and alerted to the car.   Officers located ~~998.17 gross grams of~~ N.C. JFM

methamphetamine in the car.   ~~I cannot dispute the laboratory test result for amounts or~~

3

~~provider~~.   I knew the methamphetamine was in the car, because I had purchased earlier in

the day in Phoenix, Arizona.   ~~I paid my co-defendant to help me transport the~~

~~methamphetamine to Albuquerque with my methamphetamine~~.   I intended to traffic the

methamphetamine.   *The Methamphetamin was more than 500 grams.*

9.      By signing this agreement, the Defendant admits that there is a factual basis for

each element of the crime(s) to which the Defendant is pleading guilty.   The Defendant agrees

that the Court may rely on any of these facts, as well as facts in the presentence report, to determine

the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## RECOMMENDATIONS

10.     The United States and the Defendant recommend as follows:

      a.      The Defendant and the United States have made an AGREEMENT

               pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that a specific

               sentence of one hundred twenty (120) months' (ten (10) years')

               imprisonment is the appropriate in this case.   This agreement takes into

               account the Defendant's acceptance of responsibility, with no further

               reduction to occur.   If the Court accepts the plea agreement, it must inform

               the Defendant that the agreed upon disposition will be included in the

               judgment, and the Court is bound by the terms of the plea agreement once

               the Court accepts the plea agreement.

## DEFENDANT'S ADDITIONAL AGREEMENT

11.     The Defendant understands the Defendant's obligation to provide the United States

Pretrial Services and Probation Office with truthful, accurate, and complete information.   The

4

Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

12.     Except under circumstances where the Court, acting on its own, rejects this plea agreement, the Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted under this plea agreement as set forth above, as well as any facts to which the Defendant admits in open court at the Defendant's plea hearing, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement.

13.     The Defendant recognizes that this plea agreement has already conferred a benefit on the Defendant.   Consequently, in return for the benefit conferred on the Defendant by entering into this agreement, the Defendant agrees not to seek a downward departure or variance from the specific sentence of 120 months (10 years) as agreed to by the parties pursuant to Rule 11(c)(1)(C) of the Federal rules of Criminal Procedure.   If the Defendant, in violation of this paragraph, should nevertheless seek a downward departure or variance, including a departure or variance from the guideline Criminal History Category, the United States shall have the right to treat this plea agreement as null and void and to proceed to trial on all charges before the Court.

## WAIVER OF APPEAL RIGHTS

14.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed.   Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, imposed in conformity with this Fed. R. Crim. P. 11(c)(1)(C) plea agreement.

In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.

### GOVERNMENT'S ADDITIONAL AGREEMENT

15.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

      a.     Following sentencing, the United States will move to dismiss Counts 1 and 3.

      b.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

16.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

### VOLUNTARY PLEA

17.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement and any addenda).   The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

### VIOLATION OF PLEA AGREEMENT

18.     The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will

thereafter be subject to prosecution for any criminal violation, including but not limited to any

crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false

statement, obstruction of justice, and any other crime committed by the Defendant during this

prosecution.

## SPECIAL ASSESSMENT

19.     At the time of sentencing, the Defendant will tender to the United States District

Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico

87102, a money order or certified check payable to the order of the **United States District Court**

in the amount of $100 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

20.     This document and any addenda are a complete statement of the agreement in this

case and may not be altered unless done so in writing and signed by all parties.    This agreement is

effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this **24th** day of _October_ , 2014.

DAMON P. MARTINEZ
United States Attorney


NORMAN CAIRNS        Timothy S. Vasquez
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico   87102
(505) 346-7274

I have carefully discussed every part of this agreement with my client.   Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.   To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

_____
JOHN SAMORE
Attorney for the Defendant

I have carefully discussed every part of this agreement with my attorney.   I understand the terms of this agreement, and I voluntarily agree to those terms.   My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.

_____
TERRENCE CONNORS
Defendant

8